UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LAURA PLAMONDON,                                           Case No. 3:12-cv-00800-HA

        Plaintiff,                                         OPINION AND ORDER

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

---

HAGGERTY, District Judge:

    Plaintiff Laura Plamondon seeks judicial review of a final decision by the Commissioner

of the Social Security Administration denying her application for Disabled Widow's Insurance

Benefits (DWIB). This court has jurisdiction to review the Commissioner's decision under 42

U.S.C. § 405(g). After reviewing the record, this court concludes that the Commissioner's

decision must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS.

**<u>STANDARDS</u>**

    A widow seeking disability benefits under 42 U.S.C. § 402(e) must prove that she is

unmarried, between fifty and sixty years old, and is under a disability as defined in 42 U.S.C. §

423(d). 42 U.S.C. § 402(e)(1)(B). A claimant is considered "disabled" under the Social Security

Act if: (1) he or she is unable to engage in any substantial gainful activity (SGA) "by reason of

OPINION AND ORDER- 1

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Hill v. Astrue,* 688 F.3d 1144, 1149-50 (9th Cir. 2012) (citing 42 U.S.C. § 1382c(a)(3); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)); 42 U.S.C. § 423(d)(1)(A). A widow must also prove that her disability began before the end of the prescribed period, which in this case is seven years after the wage earner died. 42 U.S.C. § 402(e)(4).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the Commissioner must determine whether the claimant: (1) has not engaged in SGA since his or her alleged disability onset date; (2) suffers from severe physical or mental impairments; (3) has severe impairments that meet or medically equal any of the listed impairments that automatically qualify as disabilities under the Social Security Act; and (4) has a residual functional capacity (RFC) that prevents the claimant from performing his or her past relevant work. *Id.* An RFC is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p. The claimant bears the burden of proof in the first four steps to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her

OPINION AND ORDER- 2

RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff was born on September 9, 1958. She has a tenth grade education and does not have any past relevant work. On January 22, 2004, plaintiff applied for supplemental security income (SSI) with a disability onset date of January 1, 2004. Her application was granted at the

OPINION AND ORDER- 3

initial stage. Plaintiff then filed a *pro se* application for DWIB on May 12, 2008 again alleging a

disability onset date of January 1, 2004. After retaining counsel, however, plaintiff amended her

onset date to January 31, 2003 because her prescribed period ended on that date. Plaintiff's

application was denied initially and upon reconsideration. Plaintiff did not file a timely request

for a hearing, but the Appeals Council found that good cause existed for her late filing, so she

was given an opportunity for a hearing.

In accordance with the Appeals Council's order, an Administrative Law Judge (ALJ)

conducted a hearing on May 18, 2011. The ALJ heard testimony from plaintiff, who was

represented by counsel, and an independent vocational expert (VE). During the hearing, the ALJ

requested a copy of plaintiff's prior SSI file and left the record open for twenty days so that

plaintiff's counsel could submit additional records. Tr. 63-64.[1] Plaintiff's counsel later informed

the ALJ that plaintiff's SSI file had been destroyed, as well as the additional treatment records he

had requested. Tr. 167.

After receiving notice about the unavailability of additional records, the ALJ issued a

decision finding that plaintiff was not disabled from January 31, 2003 through January 31, 2003

as defined in the Social Security Act. Tr. 22. First, the ALJ found that plaintiff had not engaged

in SGA since her alleged onset date. Tr. 24, Finding 3. Second, the ALJ found that plaintiff

suffered from the severe impairments of bipolar disorder and substance abuse, but concluded that

those impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P,

Appendix 1. Tr. 24, Finding 4; Tr. 25, Finding 5. After consulting the entire record, the ALJ

---

[1] Tr. refers to the Transcript of the Administrative Record.

concluded that plaintiff had the RFC to perform a full range of work at all exertional levels, but was limited to simple, routine work with no more than limited public contact. Tr. 26, Finding 6. Based on plaintiff's RFC and testimony from the VE, the ALJ determined that plaintiff was able to perform work existing in significant numbers in the national economy, such as a cannery worker, laundry folder, and garment sorter. Tr. 28, Finding 11. Therefore, the ALJ concluded that plaintiff was not disabled.

The Appeals Council denied plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

**DISCUSSION**

Plaintiff contends that this court must reverse and remand the Commissioner's final decision based on the ALJ's failure to adequately develop the record. Specifically, plaintiff argues that the ALJ should have obtained her prior SSI file, should have consulted a medical expert to determine plaintiff's disability onset date, and should have obtained additional lay witness statements. For the following reasons, this court concludes that the record compels a remand for further proceedings.

1.    **Failure to develop the record**

An ALJ has a duty to conduct a full and fair hearing. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). As part of this duty, an ALJ must fully and fairly develop the record to ensure that the claimant's interests are considered, even when the claimant is represented by counsel. *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (citation omitted). Fulfilling the

OPINION AND ORDER- 5

duty to develop the record may compel the ALJ to consult a medical expert or to order a

consultative examination. *See* 20 C.F.R. § 416.919a.

The Ninth Circuit has determined that SSR 83-20 requires an ALJ to consult with a

medical advisor when a disability onset date must be inferred. *Armstrong v. Comm'r*, 160 F.3d

587, 589-90 (9th Cir. 1998). Ruling 83-20 provides that :

> In some cases, it may be possible, based on the medical evidence to
> reasonably infer that the onset of a disabling impairment(s) occurred some time prior
> to the date of the first recorded medical examination, e.g., the date the claimant
> stopped working. How long the disease may be determined to have existed at a
> disabling level of severity depends on an informed judgment of the facts in the
> particular case. This judgment, however, must have a legitimate medical basis. At
> the hearing, the administrative law judge (ALJ) should call on the services of a
> medical advisor when onset must be inferred.

SSR 83-20. However, the ALJ's duty to supplement the record is "triggered only when there is

ambiguous evidence or when the record is inadequate to allow for proper evaluation of the

evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *see also Armstrong*, 160

F.3d at 590 (requiring the ALJ to consult a medical expert to assist in determining a claimant's

disability onset date when the record is ambiguous).

In this case, the record is ambiguous and requires a remand to allow a medical expert to

determine when plaintiff's disability began. Plaintiff's diagnosis and significant history of bipolar

disorder before 2000, as well as the Commissioner's prior disability determination in January of

2004, at least raise a question as to when plaintiff's condition became disabling. This court

understands the ALJ's difficulty in trying to ascertain plaintiff's disability onset date when she

originally proposed an onset date after the end of the prescribed period and her file includes no

medical records between 2000 and 2004. However, the regulations provide that the ALJ should

consult a medical advisor when there are inadequate medical records to determine when the

OPINION AND ORDER- 6

impairment became disabling.  SSR 83-20 at *2-3.  Consultation with a medical expert may be

especially necessary in this case where plaintiff's medical records for the relevant time period

have been destroyed.  Because plaintiff's prior application for SSI benefits did not provide for

any retroactive benefits, the Commissioner was not required to determine whether her disability

arose prior to January 2004, the month that she applied for SSI benefits.  To obtain DWIB,

however, it is crucial to ascertain whether plaintiff became disabled prior to January 31, 2003.

The record is also ambiguous regarding the existence of plaintiff's SSI file.  The ALJ

reported that she reviewed plaintiff's SSI file and that it contained "nothing of value in assessing

the claimant's functioning," whereas plaintiff's counsel reported that the file had been destroyed.

Tr. 27, 167.  The SSI file is not currently a part of the administrative record.  Although this court

suspects that the ALJ's statement about the existence of the prior file was an inadvertent error,

this court cannot analyze the ALJ's statement that the file contained "nothing of value" when it is

not a part of the record.  Due to this discrepancy, the ALJ should clarify whether the SSI file

exists and what material is contained in the file during the remand.  If it exists, a copy of the file

should be provided to plaintiff.

This court notes that plaintiff is still required to prove her disability before the expiration

of the prescribed period.  *See Armstrong*, 160 F.3d at 590.  Therefore, the ALJ did not err in

dismissing plaintiff's father's testimony about plaintiff's functioning in 2009 because it did not

relate to the relevant time period.  *Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1224 (9th

Cir. 2010) (noting that lay witness testimony about the claimant's functioning outside of the

relevant period was a germane reason to dismiss the witness's testimony).  Because a remand is

necessary on other grounds, however, the ALJ may obtain additional lay evidence about

OPINION AND ORDER- 7

plaintiff's functioning during the relevant time period if it proves necessary to determine

plaintiff's disability onset date. *Armstrong*, 160 F.3d at 590.

    2.    **Remand**

    A remand for further proceedings is unnecessary if the record is fully developed, and it is

clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*,

246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings

turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir.

2000).

    In this matter, this court concludes that outstanding issues remain that must be resolved

before a determination of disability can be made. Pursuant to this remand, the ALJ shall develop

the record in consultation with a medical expert to infer plaintiff's disability onset date. As part

of the remand, plaintiff may submit additional lay testimony about plaintiff's functioning prior to

January 31, 2003.

## CONCLUSION

    For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C.

§ 405(g), the decision of the Commissioner denying Laura Plamondon's application for disabled

widow's benefits must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS

consistent with this ruling and the parameters provided herein.

    IT IS SO ORDERED.

    DATED this 21 day of February, 2013.

                                            Ancer L. Haggerty
                                            United States District Judge

OPINION AND ORDER- 8