UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LAURA PLAMONDON,                                     Case No.: 3:12-cv-00800-HA

       Plaintiff,                                         ORDER

   v.

CAROLYN COLVIN
Acting Commissioner of Social Security,

       Defendant.

---

HAGGERTY, District Judge:

     On February 21, 2013, this court entered a Judgment remanding this matter to the

Commissioner for further proceedings. Following the remand, plaintiff was awarded $87,720 in

retroactive benefits. Plaintiff's counsel now moves for a fee award totaling $15,930.00, which

represents less than twenty percent of that award. No objections have been raised by the

Commissioner to this fee motion, however, this court has the duty to ensure that the fee award is

reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons,

plaintiff's counsel's Motion [32] for an award of attorney fees is granted.

1 -- ORDER

**DISCUSSION**

      After entering a judgment in favor of a Social Security claimant, the court may award a reasonable fee to the claimant's counsel that does not exceed twenty-five percent of the total amount of the past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). A § 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Id.* Accordingly, when a court approves both a § 406(b) fee payment and an EAJA fee, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

      Under *Gisbrecht*, the court first examines the contingency fee agreement to determine whether it is within the statutory twenty-five percent cap. Here, plaintiff's counsel and her client executed a fee agreement providing that counsel's fee following a favorable outcome from this court would equal twenty-five percent of any past-due benefits received or the amount of the EAJA fee. This agreement is within the statutory limits.

      The next step is to confirm that the fee counsel seeks does not exceed § 406(b)'s twenty-five percent ceiling. The requested fee represents eighteen percent of plaintiff's total retroactive benefits award, so it is also within the statutory limits.

      Finally, this court must perform an independent check to ensure that the fee award is reasonable in this specific case. *Gisbrecht*, 535 U.S. at 807. This court may reduce a contingent fee in cases in which the attorney provided substandard representation, engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the amount of time spent on the case. *Id.* at 808. In deciding the reasonableness of the fee, the court should consider: (1) the character of the representation; (2)

2 -- ORDER

the results achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney will receive an unwarranted windfall. *Crawford v. Astrue*, 586 F.3d 1142, 1151-53 (9th Cir. 2009). The burden rests with the plaintiff's counsel to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807.

The record in this case provides no basis for a reduction of the requested § 406(b) fee. Plaintiff's counsel filed her opening brief on time and presented sound arguments in her briefing that persuaded the Commissioner to stipulate to a successful remand for her client. Plaintiff's counsel spent a reasonable amount of time on this case (16.75 hours). Counsel undertook some risk in agreeing to represent plaintiff on a contingency basis, and she successfully obtained benefits for her client in a matter that required skill and expertise.

After examining the record, this court concludes that counsel has made an adequate showing that the requested fee award is reasonable. This fee will reasonably compensate counsel for her work on this case, and will prevent a potential disproportionate loss of benefits to plaintiff and an unwarranted windfall to counsel. *See Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).

///

///

///

///

///

3 -- ORDER

**CONCLUSION**

For the reasons stated, counsel's Motion for Attorney Fees [23] is granted.  Counsel is entitled to $15,930.00 in § 406(b) fees, representing eighteen percent of plaintiff's retroactive benefits.  After subtracting the $3,091.29 EAJA fee award previously granted to counsel, the final fee award is $12,838.71, and it shall be made payable to Merrill Schneider at P.O. Box 14490, Portland, Oregon 97293.

IT IS SO ORDERED.

DATED this 14 day of April, 2014.

Ancer L. Haggerty
United States District Judge

4 -- ORDER